UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Chad Knecht,
*on behalf of himself and others
similarly situated*,

    Plaintiff,

    v.

C & W Facility Services, Inc.,

    Defendant.

Case Nos. 2:20-cv-3899; 2:21-cv-414

Gary Salone,
*on behalf of himself and others
similarly situated*,

    Plaintiff,

    v.

Cushman & Wakefield U.S., Inc., *et al.*,

    Defendants.

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Defendants in these consolidated cases move for an order certifying for interlocutory appeal that portion of the Court's Opinions and Orders that refused to consider at this juncture whether personal jurisdiction exists over Defendants with respect to claims that may eventually be brought by out-of-state opt-in plaintiffs. Mot., ECF No. 35 (Case No. 2:20-cv-3899); Mot., ECF No. 30 (Case No 2:21-cv-414). In the alternative, Defendant C&W Facility Services, Inc. ("C&W") seeks a

stay of the Court's Opinion and Order granting conditional certification in *Knecht*[1] until the Sixth Circuit renders a decision in *Canaday*. *Id.* Plaintiff opposes both the requests for certification for interlocutory appeal and C&W's request for a stay. Resp., ECF No. 38 (Case No. 2:20-cv-3899); Resp., ECF No. 35 (Case No. 2:21-cv-414).

Courts of appeals typically have jurisdiction only over appeals of final decisions of the district court. 28 U.S.C. § 1291. However, in a civil case, if a judge certifies that an interlocutory order entered by the court "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," he shall issue an order stating as much. *See* 28 U.S.C. § 1292(b). The Sixth Circuit then has discretion whether to permit an interlocutory appeal, but it grants interlocutory appeals "sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

Certification for interlocutory appeal is not warranted here. Although the *underlying* personal jurisdiction issue does involve a controlling question of law as to which there is substantial ground for difference of opinion, a decision as to *the proper time for considering* that personal jurisdiction issue will not materially advance the ultimate termination of the case. To reiterate, the conclusion Defendants seek to appeal is merely the determination that the underlying personal jurisdiction issue should not be decided until after out-of-state plaintiffs actually opt

---

[1] Plaintiff Salone has not moved for, and the Court has not granted, conditional certification in *Salone*. The parties are unable to agree to conditional certification. Therefore, in the event Plaintiff Salone seeks conditional certification in his case, he must move for it.

into the lawsuit.[2] A decision as to timing does not affect what this Court's actual *BMS* conclusion would be, and, therefore, the timing issue would not materially advance the ultimate termination of the lawsuit. Even if the Court determined that *BMS* applied to FLSA suits, the lawsuit would still have to undergo all of the same stages of litigation: conditional certification (of a smaller class), potential motion to decertify, summary judgment, and, perhaps, trial. A decision as to the timing issue would not allow the Court or the parties to forego any of the above stages of litigation, and it would not even, alone, change the scope of any of those stages. The scope of notice would not change unless the Court determined both that the personal jurisdiction issue could be decided when raised in response to a motion for conditional certification *and* that BMS applies to FLSA suits. Therefore, the statutory requirements for interlocutory appeal are not met.

In any event, interlocutory appeal would be inefficient. Oral argument in *Canaday* is scheduled for June 10, 2021, and a decision in that case would likely issue before the parties in this case would receive a decision on interlocutory appeal of the subsidiary issue regarding *when* personal jurisdiction over potential opt-in plaintiffs should be determined. But that timing question will itself be essentially mooted as soon as the Sixth Circuit renders its decision on the ultimate personal jurisdiction issue such that a ruling by the Sixth Circuit on the timing question will be of no significance in this or future cases. Rather than conserve judicial resources, it

---

[2] Defendant repeatedly mischaracterizes the Court's holding regarding *BMS*—and therefore any issue that would be presented on an interlocutory appeal—throughout Defendant's briefing on the motion to certify for interlocutory appeal.

would waste the Sixth Circuit's resources to appeal an issue now that will soon be irrelevant. The Court **DENIES** Defendants' request for interlocutory appeal.

However, given that oral argument is a few days away and C&W agrees to toll the applicable statute of limitations for all putative plaintiffs in *Knecht*, the Court **GRANTS** C&W's request to stay the issuance of notice in *Knecht* until the Sixth Circuit renders its decision in *Canaday*.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). "In deciding whether to grant a stay, courts commonly consider factors such as: **(1)** the need for a stay; (2) the stage of the litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court." *Kirby Dev., LLC v. XPO Global Forwarding, Inc.*, No. 2:18-cv-500, 2018 WL 6075071, at *2 (S.D. Ohio Nov. 20, 2018).

The Court turns first to the need for a stay. On one hand, the initial cost of notice falls on Plaintiff, and the cost arguably does not affect the party requesting the stay here (C&W). On the other hand, C&W has a significant interest in limiting the

scope of discovery that accompanies nationwide conditional certification. In the event the Sixth Circuit concludes *BMS* applies to FLSA collective actions, the discovery conducted in the meantime pursuant to conditional certification of a nationwide collective might unearth potential plaintiffs to bring lawsuits in other states. Plaintiff therefore naturally desires nationwide discovery. C&W, on the other hand, has an interest in limiting the cost of discovery, attempting to avoid informing employees in different states of pending FLSA actions, and in avoiding defending tag-along cases. While a close call, these interests weigh in favor of granting the stay in this limited circumstance.

Additionally, neither Plaintiff nor the public will be harmed by a brief stay. First, C&W has agreed to toll the statute of limitations for all putative plaintiffs. Second, *Knecht* and *Salone* can proceed with limited discovery, defense-centric or focused on in-state plaintiffs, until the Sixth Circuit issues its decision. Third, Plaintiff's concerns about the cost and inefficiency of sending out two rounds of notice are unfounded as the Court stays its prior Opinion and Order vis-à-vis all putative members of the collective. Thus, only one round of notice will ultimately need to be mailed. Finally, the stay will also give *Salone* additional time to "catch up" to the litigation posture of *Knecht*.

The most important factor favoring a stay at this juncture is the interest in avoiding confusion to potential opt-in plaintiffs. With oral argument completed, a decision in *Canaday* will likely be rendered in the near future. Awaiting a decision on the personal jurisdiction issue before issuing notice to putative class members will not only streamline the notice procedure in *Knecht* but also avoid confusion by

potential plaintiffs who might opt into the lawsuit only for the Court to dismiss their claims almost immediately thereafter. Indeed, the Sixth Circuit may very well issue its decision before the close of the consent period in these cases, which could cause extreme confusion to the extent the Sixth Circuit concludes that *BMS* applies to collective actions. The need to avoid confusion here strongly weighs in favor of granting the stay. In addition, the parties will save time and money by not needing to subsequently brief a motion to dismiss on the personal jurisdiction issue, and the Court will save judicial resources by not ruling on such a motion or having to determine which opt-ins' claims to dismiss later based on lack of personal jurisdiction.

Receiving a definitive ruling from the Sixth Circuit on an issue relevant to the case *sub judice* will not always be a sufficient reason to grant a stay, and this is especially true when a party requests the Court stay an order for conditional certification. However, in this case, because the ruling from the Sixth Circuit is likely imminent, because it relates to a jurisdictional issue, and because C&W agrees to toll the applicable statute of limitations for all putative plaintiffs, a stay is warranted. The Court therefore **STAYS** its prior order in *Knecht* on conditional certification pending a decision from the Sixth Circuit in *Canaday*. The parties are **ORDERED** to file a joint notice when a decision in *Canaday* is rendered.

Additionally, the parties filed a joint notice informing the Court that opt-in Plaintiffs Gary Salone, Christopher Prymus, Spencer Jones, Todd Bostwick, and Jeff Woldberd were not employed by C&W such that those Plaintiffs' claims should be dismissed from *Knecht*. They will each proceed in *Salone*.

Further, the parties have agreed on a working definition for the class in *Knecht*, but C&W moves for leave to identify for notice purposes only those maintenance employees who were subject to an automatic meal period deduction such that notice would be issued to only those employees. Mot., ECF No. 36, Case No. 2:20-cv-3899. C&W's motion is **DENIED** as it would essentially circumvent the Court's conditional certification order. If C&W cannot identify non-exempt maintenance employees who had a meal break deducted from their time during the applicable limitations period, notice shall be sent to all non-exempt maintenance employees who worked during the applicable timeframe. The notice sufficiently describes the class such that employees will be able to determine whether they are eligible to opt into the collective.

Intertwined with this issue is the fact that Plaintiff and C&W cannot agree whether to include an additional paragraph on the consent form that requires putative opt-ins to circle whether they are eligible or ineligible to opt into the lawsuit. *See* Mot. 3, ECF No. 36, Case No. 2:20-cv-3899. The Court agrees that such an additional paragraph is unnecessary. If the parties desire to include an additional paragraph, the Court will not require putative opt-ins to circle the exact manner in which their meal break deduction occurred—it is sufficient to inform the putative opt-ins of the various manners in which a meal break deduction could occur and obtain a "yes" or "no" answer to whether they suffered a meal break deduction during the pertinent timeframe. Thus, although the Court does not believe an additional paragraph is necessary, if C&W wishes to add such a paragraph, the paragraph may not require the opt-in plaintiff to circle the method by which the meal break

deduction occurred. Although the Court has stayed issuance of notice, the Court **ORDERS** the parties to continue working collaboratively toward drafting a joint consent form. The parties shall file said joint consent form, consistent with the guidance offered herein, within **THIRTY DAYS**.

In sum, the Clerk is **DIRECTED** to terminate as parties in Case No. 2:20-cv-3899 the following plaintiffs: Gary Salone, Christopher Prymus, Spencer Jones, Todd Bostwick, and Jeff Woldberd. The Court **STAYS** the issuance of notice in Case No. 2:20-cv-3899 pending a decision from the Sixth Circuit in *Canaday*. The Clerk is **DIRECTED** to terminate ECF No. 35, Case No. 2:20-cv-3899 and ECF No. 30, Case No. 2:21-cv-414 as pending motions. If Plaintiff Salone seeks conditional certification in Case No. 2:21-cv-414, he shall file a properly supported motion, which will be fully briefed.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**